swers of the Supreme Court, the judgment is reversed, and the cause remanded to the District Court for further proceedings in harmony with said findings of the Supreme Court.

---

EXPORTERS OF MANUFACTURERS' PRODUCTS, Inc., v. BUTTERWORTH-JUDSON CO. (Circuit Court of Appeals, Second Circuit. June 17, 1921.) No. 235. In Error to the District Court of the United States for the Southern District of New York. Action by the Exporters of Manufacturers' Products, Inc., against the Butterworth-Judson Company. Judgment for defendant, and plaintiff brings error. On motion to strike bill of exceptions. Question certified to the Supreme Court. See, also (D. C.) 265 Fed. 907. Before WARD, HOUGH and MANTON, Circuit Judges.

This cause came here on a writ of error to a judgment in favor of the Butterworth-Judson Company in an action at law in the District Court for the Southern District of New York. Judgment resulted from the verdict of a jury and thereupon plaintiff in error took a writ. The stated terms of the trial court, as prescribed by act of Congress, begin each month on the first Tuesday thereof; but a general rule of that court provides as follows: "For the purpose of taking any action which must be taken within the term of the court at which final judgment or decree is entered, each term of court is extended for ninety days from the date of entry of the final judgment or decree." In respect of this case the 90-day period above provided for, and therefore the term at which the final judgment in question was entered, expired on the 24th of February, 1920. On March 1, 1920, a written stipulation was executed between the attorneys for the parties hereto in the words following: "It is hereby stipulated and agreed by and between the parties hereto that the November term of the United States District Court for the Southern District of New York be extended to April 6, 1920, for the purpose of settling and filing the bill of exceptions herein." On or before the 6th of April, 1920, but long after the 24th of February, 1920, the plaintiff in error proposed a bill of exceptions. Thereupon the trial judge, over the objection of defendant in error and on the faith of the stipulation above quoted, settled and signed the bill of exceptions annexed to the writ of error herein and now in this court. Defendant in error then moved in this court for an order striking from the record the bill of exceptions so settled as above set forth, on the ground that the same had been settled, signed, and made a part of the record herein in contravention of law, in that the term had expired. Upon consideration of this motion a question of law arises concerning which this court desires the instruction of the Supreme Court in order properly to decide the cause.

Question certified: Is the bill of exceptions so as above set forth settled, signed, and certified to this court in contravention of law, in that the term had expired before the same was offered for settlement? In accordance with the provisions of section 239. U. S. Judicial Code (Comp. St. § 1216), the foregoing question of law is by the Circuit Court of Appeals of the United States for the Second Circuit, hereby certified to the Supreme Court.

H. G. WARD, Circuit Judge.
CHARLES M. HOUGH, Circuit Judge.
MARTIN T. MANTON, Circuit Judge.

---

McHENRY v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. November 19, 1921.) No. 3719. In Error to the District Court of the United States for the Northern District of Texas; Robert T. Ervin, Judge. Criminal prosecution by the United States against E. W. McHenry. Judgment of conviction, and defendant brings error. Affirmed. W. F. Weeks and Tarlton Morrow, both of Wichita Falls, Tex., for plaintiff in error. Henry

Zweifel. U. S. Atty.. and Ben P. Allred, Asst. U. S. Atty., both of Fort Worth, Tex. Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM. The judgment is affirmed.

---

SPEARMAN v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. November 19, 1921.) No. 3740. In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge. Criminal prosecution by the United States against G. T. Spearman. Judgment of conviction, and defendant brings error. Affirmed. V. M. Clark, of Houston, Tex. (Quitman Finlay and Turnley & Clark, all of Houston, Tex., on the brief), for plaintiff in error. D. E. Simmons, U. S. Atty., and D. A. Simmons, Ass't U. S. Atty., both of Houston, Tex. Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM. The judgment in this case is affirmed.

---

THE WALTER B. POLLOCK. (Circuit Court of Appeals, Second Circuit. June 1, 1921.) No. 234. Appeal from the District Court of the United States for the Eastern District of New York. Libel by the Bouker Contracting Company against the steam tug Walter B. Pollock, her engines, etc., the Egerton Towing Company, claimant, and others. Decree for libelant, and claimant appeals. Affirmed. Harrington, Bigham & Englar, of New York City (Vine H. Smith, of New York City, of counsel), for appellant. Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for libelant appellee. Macklin, Brown, Purdy & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for respondents appellees. Before WARD, ROGERS, and MANTON, Circuit Judges.

PER CURIAM. This case involves pure questions of fact and examination of the record discloses nothing that would justify us in disturbing Judge Chatfield's findings. The decree is affirmed.

END OF CASES IN VOL. 275